KENNETH J. TROIANO
ATTORNEY AT LAW
State Bar Number 134786
P.O. Box 33536
San Diego, California 92163-3536
(858) 268-8600

Attorney for Defendant
FERNANDO NAVARRO-HERRERA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HON. MARILYN L. HUFF)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case #: **08CR0885-H** |
| Plaintiff, | |
| v. | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO:** |
| FERNANDO NAVARRO-HERRERA, | |
| Defendant. | 1) **COMPEL DISCOVERY** |
| | 2) **LEAVE TO FILE FURTHER MOTIONS** |
| | 3) **RESERVE RIGHT TO HEARING** |

I.

**STATEMENT OF FACTS AND CASE**

Fernando Navarro-Herrera was arrested on January 25, 2008 and charged in Complaint # 08MJ0243 with Deported Alien Found in the United States in violation of 8 U.S.C. § 1326.

He entered into a Fast-Track Plea Agreement with the government and attempted to plead guilty before Magistrate Judge Major on March 20, 2008. However,

during the plea colloquy it became known that the factual basis for the misdemeanor violation of 8 U.S.C. § 1325 contained in the three-count Information, would have constituted a juvenile offense. Judge Major declined to take the plea and set the matter for Motion Hearing and Trial Setting in this Court.

The government subsequently indicted Mr. Navarro-Herrera with Deported Alien Found In The United States in violation of 8 U.S.C. § 1326. The Information filed under Criminal Case # 08CR0460-H was then dismissed on motion of the government. Appointed defense counsel was not present at the latter proceedings, but was notified subsequent to the events occurring by the Clerk's Office via email.

For purposes of this motion, the defendant relies upon the "Probable Cause Statement" filed in support of Magistrate's Complaint # 08MJ0243. Government counsel has provided the defense with some initial discovery. The original Grand Jury AUSA declined defense counsel's request to inspect the A-file prior to or subsequent to the acceptance of the Fast-Track offer being accepted. Therefore, this motion is being filed.

II.

**MEMORANDUM OF POINTS AND AUTHORITIES**

A. **THE DEFENDANT HEREBY MOVES THE COURT TO COMPEL DISCOVERY PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND BRADY v. MARYLAND.**

The defendant moves for production by the government of the items listed below. This request is not limited to those items that the prosecutor personally knows of, but rather includes any and all discoverable items listed below that are in the custody, control, care, or knowledge of the government or any "closely related investigative [or

2

other] agencies", or the existence of which are known, or by the exercise of due diligence may become known, to the attorney for the government. United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

**(1) The Defendant's Statements** - Under Fed. R. Crim. P. 16 (a)(1)(A) the government must disclose to the defendant and make available for inspection, copying, or photographing:

- any written or recorded statements made by the defendant;

- that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person known by the defendant to be a government agent if the government intends to use that statement at trial.

The Advisory Committee Notes, as well as the 1991 amendments to Rule 16, make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements in its case-in-chief or reserve their use for impeachment purposes.

Specifically, in the instant matter the defendant requests discovery of all of his statements as defined by Rule 16, including those made in relation to any Miranda warnings that may have been given. See e.g., United States v. McElroy, 697 F.2d 459 (2d Cir. 1982).

This request is intended to include the rough notes of any agents who were

involved in questioning Mr. Navarro-Herrera. If his statement was exculpatory, then the notes would constitute Brady material. If his statement was incriminating and the government intended to use it at trial, then it is discoverable under Rule 16. In any event, the rough notes should be ordered preserved by the government. United States v. Harris, 543 F.2d 1247, 1251-53 (9th Cir. 1976); United States v. Griffin, 659 F.2d 932, 939-41 (9th Cir. 1981).

**Regarding Waiver Forms and Translations:**

According to discovery provided to the defense, the defendant gave a post-arrest statement after having signed a waiver form. The defense hereby requests the government to produce copies of any warnings given to him relating to his rights under Miranda v. Arizona, 384 U.S. 439 (1966) or those arising under immigration laws, along with any documents signed by him and tapes of any statements he made. See e.g. United States v. San Juan Cruz, 314 F.3d 384 (9th Cir. 2002).

This request is intended to include English translations of any statements originally made to or by the defendant in the Spanish language.

**(2) The Defendant's Prior Record** - Evidence of the defendant's prior criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). The defendant therefore requests a copies of his rap sheets from the various agencies government counsel consults for such information in addition to copies of court records that may be used to establish prior convictions for purposes of sentencing and impeachment.

**(3) Documents and Tangible Objects** - The defendant requests, under Fed. R. Crim. P. 16(a)(1)(C), the opportunity to inspect and copy, or photograph, as well as test,

if necessary, all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant.

**Regarding the Defendant's A-File:**

The offense charged in the indictment includes the element of the defendant having previously been deported. Those proceedings, in addition to the criminal history documents upon which they relied, will be made available to U.S. Probation when they prepare a Presentence Report in this matter and considered by the Court at sentencing. Fundamental fairness, due process of law, and the 6th Amendment to the United States Constitution require that such information also be disclosed to the accused.

Furthermore, if the case proceeds to trial, the government will call a witness who will testify to having thoroughly reviewed the A-File and who will introduce certain documents into evidence that are maintained in the file. This witness will also be asked to offer his or her opinion as to the existence or non-existence of certain facts or documents in the file.

**Accordingly, the defendant specifically requests a copy of his immigration "A-file", including copies of the documents and tapes relating to the deportation(s) upon which the government will rely at trial.**

In addition to complying with Rule 16, such disclosure will enable the defense to prepare for trial and to effectively confront and cross-examine the government's witness regarding matters upon which they relied in forming their opinion as to the existence or

non-existence of facts or documents in the file. U.S. Constitution, Sixth Amendment.

**(4) Reports of Scientific Tests or Examinations** – Pursuant to Fed. R. Crim. P. 16(a)(1)(D), Mr. Navarro-Herrera requests the opportunity to inspect and copy, or photograph, as well as test, if necessary, all reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof in this case which are material to the defense or intended for use in the government's case-in-chief.

**(5) Expert Witness Testimony** - Pursuant to Fed. R. Crim. P. 16(a)(1)(E), Mr. Navarro-Herrera hereby requests a written summary of testimony the government intends to use under Fed. R. Evid. Sections 702, 703 or 705 during its case-in-chief at trial. A written summary of testimony is defined in this rule as a description of the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.

**(6) Brady Material** – pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the defendant requests all documents, statements, agent's reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which effects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

**(7) Any Proposed FRE 404(b)** - Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b). In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the

government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial and to file a motion in limine requesting the Court to exclude such evidence.

**(8) Jencks Act Material** - The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch or surveillance tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial.

**(9) Evidence of Bias or Motive to Lie** - The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

**(10)    Giglio Material** - The defense requests all statements, promises, and threats, express or implied, made to any government witness, including any material witnesses or informants, in exchange for their testimony in this case, and all other

information which could arguably be used for the impeachment of such witnesses. Giglio v. United States, 405 U.S. 150 (1972).

**(11) Evidence of a Criminal Investigation of Any Government Witness** – The defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir. 1985).

**(12) Government Examination of Law Enforcement Personnel Files** - Mr. Navarro-Herrera requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers and agents who may have been controlling or contacting a confidential informant involved in this case. Mr. Navarro-Herrera requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). United States v. Jennings, 960 F.2d 1488, 1492 (9th Cir. 1992).

**B.      MOTION FOR LEAVE TO FILE FURTHER MOTIONS.**

Mr. Navarro-Herrera respectfully moves the Court for leave to file further motions that may become necessary based on the receipt of further discovery, the translation of witness statements, or formal notification by the government of its intent to use specific FRE § 404(b) evidence at trial.

C. **MR. NAVARRO-HERRERA MOVES TO RESERVE HIS RIGHT TO HAVE THE COURT CONDUCT A HEARING PRIOR TO TRIAL REGARDING THE ADMISSIBILITY OF ANY STATEMENTS MADE BY HIM WHILE IN CUSTODY PURSUANT TO MIRANDA V. ARIZONA AND ON GROUNDS OF VOLUNTARINESS UNDER 18 U.S.C. § 3501.**

Mr. Navarro-Herrera was interrogated while in custody. Although it appears he invoked right to counsel after being advised of his *Miranda* rights, most likely some questioning pertaining to the elements of the offense took place in the field after he had been detained and handcuffed, during transport by government agents, and while being processed at the Border Patrol Station. The defense has requested copies of any warnings given to the defendant, documents signed by him, and tapes or reports containing his statements. After review of any further discovery produced on this issue, including the translation of Spanish language documents and statements into English, the defense will be able to determine if additional motions should be filed.

Therefore, Mr. Navarro-Herrera moves to reserve his right to request the suppression and exclusion of any statements made by him while subject to custodial interrogation pursuant to Miranda v. Arizona, 384 U.S. 436 (1966) and United States v. San Juan Cruz, 314 F.3d 384 (9th Cir. 2002). He also moves to reserve his right to request a hearing pursuant to 18 U.S.C. § 3501 to determine if his statements were made voluntarily and if his waiver of rights under Miranda was done so voluntarily.

## III.

## CONCLUSION

For the foregoing reasons, Mr. Navarro-Herrera respectfully requests the Court to grant his motions to compel discovery, for leave to file further motions, and reserve his right to a hearing regarding post-arrest statements.

Respectfully submitted,

Dated: May 5, 2008

*S/Kenneth J. Troiano*
Kenneth J. Troiano
Attorney for Defendant
FERNANDO NAVARRO-HERRERA